IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAN DANG, | : | 1:11-cv-64 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WARDEN RONNIE HOLT, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

### **February 28, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 18), filed on February 6, 2012, which recommends that *pro se* Petitioner Lan Dang's ("Petitioner" or "Dang") petition for writ of habeas corpus be dismissed for failure to exhaust administrative remedies, without prejudice to the filing of a new 28 U.S.C. § 2241 petition after the Petitioner either: (1) fully exhausts appropriate administrative relief with respect to the claim raised in his petition, or (2) files an amended petition which discloses that the issue raised in the petition has been administratively exhausted. Neither Petitioner nor Respondent have filed

objections to the R&R.[1]   For the reasons set forth below, the Court will adopt the R&R in its entirety.

I.      STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

---

[1] Objections were due by February 24, 2012.

## II.   BACKGROUND

In this habeas corpus petition, Dang[2] asks the Court to resolve a dispute between him and federal prison officials regarding whether academic credits allegedly earned by him in Vietnam and Canada may be used by him to satisfy educational standards required by the Bureau of Prisons to earn good time credits towards an early release from custody.[3]  However, as aptly noted by Magistrate Judge Carlson, there remains a threshold issue of whether these educational requirements even apply to Dang, given the fact that he is an inmate subject to an immigration detainer and deportation.  Unfortunately, this issue was not raised by Dang until his final pleading, the traverse to this petition, and as such, there is nothing presented to the Court that indicates whether Dang ever raised, addressed or exhausted this issue concerning how these good time credits apply to aliens who are subject to deportation once they have completed their sentences.[4]  As such, we

---

[2] Dang is serving a 480 month sentence imposed by the United States District Court for the Eastern District of Pennsylvania in 2008 following his conviction for drug and money laundering conspiracy charges.

[3] When Dang first became incarcerated on his sentence, he was informed by officials at the United States Penitentiary, Canaan, that in order to vest the maximum amount of good time credit, he needed to present a verified high school diploma or GED or make satisfactory progress in the 240 hour literacy program offered in the Education Department.

[4] Notably, 28 C.F.R. § 523.20(d) provides that:

Notwithstanding the requirements of paragraphs (b) and (c) of this section, an alien who is subject to a final order of removal, deportation, or exclusion is

agree with Magistrate Judge Carlson that since we cannot determine whether Dang has given prison officials the opportunity to consider whether, and how, 28 C.F.R. § 523.20(d) might apply to this case, through the administrative remedy process, the proper course is to dismiss the petition without prejudice to allow Dang to either exhaust his claim within the prison system or file an amended petition which reveals that this particular claim is fully exhausted.

`As we have already mentioned, neither Petitioner nor Respondent have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.

---

eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a General Educational Development (GED) credential, to be eligible for a yearly award of good conduct time.